FILED
February 11, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 10:08 AM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **ANTHONY LEAS,** | Docket No.: 2015-05-0415 |
| **Employee,** | |
| **v.** | State File No.: 57188-2015 |
| **OPUS INSPECTION, INC.,** | |
| **Employer,** | **Judge Dale Tipps** |
| **and** | |
| **LIBERTY MUT. FIRE INS. CO.,** | |
| **Carrier.** | |

---

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS
### *(REVIEW OF THE FILE)*

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Anthony Leas, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Leas is entitled to medical and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Leas is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Leas is not entitled to the requested medical and temporary disability benefits at this time.[1]

### History of Claim

Mr. Leas is a twenty-six-year-old resident of Rutherford County, Tennessee. He worked as an inspector for the employer, Opus Inspection, Inc.

Records from Stonecrest Medical Center show that Mr. Leas went to the emergency department on July 21, 2015, complaining of pain in his left ankle for two

---

[1] A complete listing of the technical record and exhibits considered by the Court is attached to this Order as an appendix.

1

days. The emergency provider report indicates the mechanism of injury was "unknown." After examining Mr. Leas and reviewing his x-rays, Dr. Robert Young diagnosed ankle sprain, fitted him with a splint, and discharged him with a Tramadol prescription. (Ex. 9.)

The next day, July 22, 2015, Mr. Leas filled out an Employee Report of Accident/Injury. In his report, Mr. Leas claimed he injured his left knee on July 15, 2015, while stepping out of his car. Over the next three days, his knee improved, but his left foot and ankle began to hurt. (Ex. 8.) Opus provided a panel of physicians, and Mr. Leas selected Dr. Joseph Wieck as his authorized treating physician. (Ex. 6.)

Dr. Wieck saw Mr. Leas on August 27, 2015. He noted Mr. Leas complained of "a three-month history of left foot pain. This began without specific injury. He was getting out of a car on 15 May and felt pain in his knee and ankle initially. He now complains of pain in his foot. The pain is medial in his instep." Dr. Wieck also noted Mr. Leas "was evaluated 3 years ago with a normal MRI of his left foot for foot pain." He diagnosed a foot sprain, but noted Mr. Leas "is convinced that he has torn something in his foot." He ordered an MRI and indicated he would follow up with Mr. Leas after the MRI was complete. (Ex. 3.)

A claims specialist from Opus' workers' compensation carrier sent Dr. Wieck a questionnaire asking "if Mr. Leas' left foot sprain is 50% or greater caused by him getting out a car and feeling pain in his knee 07/15/2015?" On September 16, 2015, Dr. Wieck checked the "No" response. (Ex. 7.)

Mr. Leas filed a Petition for Benefit Determination seeking temporary disability and medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Leas filed a Request for Expedited Hearing, and asked the Court to issue a ruling based on a review of the file without an evidentiary hearing.

In his affidavit, Mr. Leas alleged he sprained his right ankle and foot while getting out of a vehicle. He claimed he has not worked since July 21, 2015, because Opus could not provide light duty that would accommodate his need to use crutches.

Opus contended in its position statement that Mr. Leas is not entitled to any additional benefits. It relies on Dr. Wieck's opinion that Mr. Leas' foot sprain is not causally related to the alleged July 15, 2015 injury.

2

**Findings of Fact and Conclusions of Law**

In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

To be compensable under Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2015). The term "injury" is defined as "an injury by accident . . . or cumulative trauma condition . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14)(B) (2015).

Mr. Leas selected Dr. Wieck from a panel of physicians provided by Opus. Therefore, Dr. Wieck's causation opinion is presumed to be correct, pursuant to Tennessee Code Annotated section 50-6-102(14)(E) (2015). That opinion is that Mr. Leas' work did not contribute more than fifty percent to his diagnosed foot sprain.

Mr. Leas disagrees with Dr. Wieck's causation opinion, arguing Dr. Wieck based his opinion on a three-year-old MRI report. He also contends Dr. Wieck "did not really put in any effort to see what has happened to me." These contentions are insufficient to overcome the presumption of correctness because Mr. Leas presented no expert medical evidence to support them. The Court cannot substitute its lay opinion, or that of Mr. Leas, for Dr. Wieck's expert conclusion. Absent a contrary medical opinion, Mr. Leas cannot rebut the presumption of correctness afforded Dr. Wieck's opinion by the Workers' Compensation Law. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 8, 2015).

Therefore, as a matter of law, Mr. Leas has not come forward with sufficient

3

evidence from which this Court may conclude he is likely to prevail at a hearing on the merits. The Court must deny his requests for medical and temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Leas' claim against Opus and its workers' compensation carrier for the requested temporary disability and medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on March 17, 2016, at 1:00 p.m.

   **ENTERED this the 11ᵗʰ day of February, 2016.**

   _____
   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Anthony Leas
2. First Report of Injury
3. August 27, 2015 Progress note of Dr. Joseph Wieck
4. Form C-27 Notice of Controversy
5. Form C-23 Notice of Denial
6. Form C-42 Physician Panel
7. September 16, 2015 causation response of Dr. Wieck
8. Employee Accident Report
9. C-41 Wage Statement
10. July 21, 2015 Emergency Provider Report from Stonecrest Medical Center

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 11th day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Anthony Leas | | | X | a.leas@yahoo.com |
| Shaterra Reed, Esq. | | | X | Shaterra.Reed@LibertyMutual.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**